IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>KEITH BAKER,<br><br>        Defendant. | 8:14CR62<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendant's motion to reduce his sentence, Filing No. 62.

The record shows the defendant entered a plea of guilty to an information charging him with a violation of 21 U.S.C. § 841(a)(1)(b)(1), possession with intent to distribute more than 5 grams of actual methamphetamine. Filing No. 52, text minute entry. That offense carries a mandatory minimum sentence of five years. 21 U.S.C. § 841(b)(1)(B). His plea was entered pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement. Filing No. 54. In that binding plea agreement, Baker agreed to a sentence of not less than 144 months. *Id.* at 3. The government agreed to dismiss the Indictment at the time of sentencing and agreed not to prosecute Baker for firearm crimes. *Id.* at 1. The factual basis for the plea included the fact that Baker had been arrested in a stolen vehicle possessing methamphetamine and he also possessed a stolen gun. *Id.* at 2. He was sentenced on August 25, 2015, to 144 months, in conformity with the 11(c)(1)(C) agreement. Filing No. 59, Judgment.

Baker's Presentence Investigation Report (Sealed) ("PSR") indicates that the 2014 Guidelines Manual, incorporating amendments effective November 1, 2014, was

used in assessing his case.  Filing No. 57, PSR at 7.  The Probation Office determined that Baker's base offense level possession with intent to distribute 8.16 grams of methamphetamine (actual) was 24, enhanced by two levels for possession of a firearm under U.S.S.G. 2D1.1(b)(1) for an adjusted offense level of 26.  *Id.* at 8.  However, Baker was subject to a career offender enhancement under U.S.S.G. §4B1.1(b)(2), which resulted in a base offense level of 34.  *Id.*  Baker's total offense level, after deduction of three levels for acceptance of responsibility under U.S.S.G. §3E1.1(a) & (b), was 31.  *Id.*  His criminal history category was VI as a career offender.  *Id.* at 15. Even absent the career offender designation, he would still have been in criminal history category VI—based on the assessment of 30 criminal history points for convictions for offenses such as drug trafficking, theft by receiving, escape, operating motor vehicles without consent, and possession of burglar tools.  *Id.* at 9-17.  Based upon a Total Offense Level 31 and a Criminal History Category VI, Baker's guideline imprisonment range was determined to be 188 months to 235 months.

Under 18 U.S.C. § 3582, a court may not modify a term of imprisonment once it is imposed, unless:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C.A. § 3582(c)(2).  Amendment 782 to the United States Sentencing Guidelines (sometimes called the "drugs minus two" or the "2014 drug guidelines amendment") reduces offense levels assigned in the Drug Quantity Table by two levels, resulting in

lower guideline ranges for many drug trafficking offenses.  *See* Federal Register Notice of Final Action Regarding Amendment to Policy Statement §1B1.10, 79 Fed. Reg. 25996-02, 2014 WL 1763009 (F.R.) (May 6, 2014).  The proposed amendment went into effect on November 1, 2014.  *Id.*  The Sentencing Commission has given retroactive effect to the amendment.  *Id.* at 1; *see* 79 Fed. Reg. 44973-01,  2014 WL 3749936 (F.R.) (Aug. 1, 2014).

Amendment 782 was recently interpreted by the Supreme Court in *Hughes v. United States*, 138 S. Ct. 1765, 1777-78 (2018), with regard to the availability of such a reduction to a defendant who pleaded guilty pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Before the *Hughes* decision, a reduction was barred by the Eighth Circuit precedent holding that, where the parties had entered into an agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure involving an agreed upon sentence, rather than a sentencing range, § 3582(c)(2) did not apply.  *See, e.g., United States v. Williams*, 598 F.3d 963, 964-65 (8th Cir. 2010).  The Supreme Court's decision in *Hughes* removed the impediment to § 3582(c)(2) relief in cases in which a defendant entered into a Rule 11(c)(1)(C) plea agreement.  *Hughes*, 138 S. Ct. at 1777-78.  The Court held that a sentence imposed under a Rule 11(c)(1)(C) plea agreement "is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes*, 138 S. Ct. at 1775.  The Court held that, even in a case involving such an agreement, "relief under § 3582(c)(2) should be available to permit the district court to reconsider a prior sentence to the

extent the prisoner's Guidelines range was a relevant part of the framework the judge used to accept the agreement or determine the sentence." *Id*. at 1778.

Thus, Baker's Rule 11(c)(1)(C) plea agreement is no longer a bar to § 3582(c)(2) relief. On the other hand, as the Supreme Court explained, "[i]f the district court concludes that it would have imposed the same sentence even if the defendant had been subject to the lower [guidelines] range, then the court retains discretion to deny relief [under § 3582(c)(2) ]." *Id.*

The record shows the defendant was sentenced after the November 1, 2014, effective date of the Amendment. To the extent that Baker's sentence was based on his Guidelines sentencing range absent the career offender status, his drug-quantity-based guideline calculation already included the two-level reduction in the drug base offense level reflected in Amendment 782. Accordingly, defendant Baker has received the benefit of the reduced guideline range and no further benefit is available.

Further, Baker's ultimate guideline range was "based on" his career offender status, not his drug quantity. The Probation Office calculated his total offense level, due to his prior drug trafficking convictions, as a career offender under Guideline § 4B1.1, with a base offense level of 34. Amendment 782 did not lower the offense levels applicable to career offenders. *See* U.S.S.G. App. C, Amend. 782. Because Baker's guidelines range was calculated on the basis of the career offender guidelines, any amendment to the drug guideline would not "have the effect of lowering the defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10(a)(2)(B). In other words, Amendment 782 has no impact on Baker's sentencing guideline calculation because he was sentenced under the career offender provision; therefore, he is not eligible for relief

4

under § 3582(c)(2), and *Hughes* does not apply under these circumstances. *United States v. Williams*, 750 F. App'x 510, 511 (8th Cir. 2019) (per curiam).

IT IS ORDERED that the defendant's motion for a sentence reduction (Filing No. 62) is denied.

Dated this 12th day of April, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge